Daniel W. Maguire (SBN 120002)
E-mail: dmaguire@bwslaw.com
Cindy Mekari (SBN 272465)
E-mail: cmekari@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
Delaware Life Insurance Company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMY E. CASSIS, an individual; and GEHANE F. CASSIS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.), a Delaware corporation; SUN LIFE OF CANADA (U.S.), a business entity unknown; DELAWARE LIFE INSURANCE COMPANY, a business entity unknown; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 8:17-cv-148<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**[Diversity of Citizenship, 28 U.S.C. § § 1332(a), 1441]** |

TO PLAINTIFFS SAMY E. CASSIS, GEHANE F. CASSIS, AND THEIR ATTORNEYS OF RECORD:

Defendant Delaware Life Insurance Company ("DLIC") hereby serves its notice of removal of the above-entitled action to the United States District Court for the Central District of California, from the Superior Court of the State of California, for the County of Orange, and respectfully avers:

///

## PLEADINGS AND PROCEEDINGS TO DATE

1. On December 23, 2016, an action was commenced against Sun Life Assurance Company of Canada (U.S.), Sun Life of Canada (U.S.), Delaware Life Insurance Company, and Does 1 to 20, inclusive, under Case No. 30-2016-00894296-CU-BC-CJC, by the filing of a Summons and Complaint in the Superior Court of the State of California, for the County of Orange.

2. On December 29, 2016, Defendant DLIC, formerly known as Sun Life Assurance Company of Canada (U.S.) and improperly sued as Sun Life of Canada (U.S.), was served with a copy of the Summons and Complaint through its authorized agent for service of process, CT Corporation ("CT"). Copies of the Summons and Complaint are attached hereto as Exhibit A. Along with the Summons and Complaint, DLIC was served with a Civil Case Cover Sheet. A copy of this document is attached hereto as Exhibit B.

3. On January 23, 2017, DLIC received another copy of the Summons and Complaint in its Law Department in Massachusetts by hand delivery. This was accompanied by a Notice of Hearing attached hereto as Exhibit C. The foregoing constitutes all the process, pleadings, and orders served upon removing Defendant DLIC to date.

4. Removing Defendant DLIC is informed and believes that there has been no service of process upon Does 1 to 20, inclusive.

5. DLIC was formerly known as Sun Life Assurance Company of Canada (U.S.). By reason of this name change, Sun Life Assurance Company of

///

Canada (U.S.) became DLIC and does business under that name. There is no legal entity known as “Sun Life of Canada (U.S.).”

**GROUNDS FOR REMOVAL**

6. The action is a suit of a civil nature brought in a California court. Removal is based upon diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(a).

**DIVERSITY OF CITIZENSHIP JURISDICTION**

7. This is a suit of a civil nature brought in a California state court, and the action is pending in Orange County Superior Court. There is complete diversity with respect to the Plaintiffs and removing Defendant DLIC. Accordingly, under 28 U.S.C. § 84(c), the United States District Court for the Central District of California is the proper forum for removal.

8. Plaintiffs Samy E. Cassis and Gehane F. Cassis (“Plaintiffs”) allege they are, and at relevant times were, residents and citizens of the State of California.

9. Defendant DLIC is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware with its home office in the Commonwealth of Massachusetts. No executive offices or executive officers of DLIC are located in California; likewise, no senior management decisions of DLIC are made in California. Therefore, under the “nerve center” test for diversity jurisdiction outlined in *Hertz Corporation v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010), DLIC’s “nerve center” is not in California.

///

10. Removing Defendant is informed and believes that Defendants, Does 1 through 20, have not been served with the Summons and Complaint, and have not appeared in this action. By reason of the provisions of 28 U.S.C. § 1441(a), these fictitious Doe Defendants are to be disregarded for purposes of removal. *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209 (9th Cir. 1980); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423 (9th Cir. 1984).

**AMOUNT IN CONTROVERSY SATISFIED**

11. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs. In Plaintiffs' Third Cause of Action for breach of the covenant of good faith and fair dealing, Plaintiffs allege that they are entitled to punitive and exemplary damages of "at least $1,319,732.50." (Complaint, ¶56) The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Washington State Apple Advertising Comm.*, 432 U.S. 333, 97 S. Ct. 2434 (1977); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S. Ct. 5, 6 (1943); *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1249-1251 (C.D. Cal. 2012) (jurisdictional limit met with claims for bad faith damages); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002) (jurisdictional threshold may be satisfied by attorney's fees, emotional distress damages and punitive damages); *Conrad Assoc. v. Hartford Acc. & Indemn. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995). Under the Federal Court's Jurisdiction and Venue Clarification Act of 2011, even if the amount in controversy

///

were not specified in Plaintiffs' Complaint, DLIC need only state the amount in controversy to establish diversity jurisdiction. 28 U.S.C. § 1446(c)(2).

12. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

13. Plaintiffs' Complaint alleges eight causes of action for declaratory relief, breach of contract, breach of the covenant of good faith and fair dealing, money had and received, conversion, intentional misrepresentation, negligent misrepresentation, and violation of Business & Professions Code Section 17200. The Complaint asserts prayers for relief including damages for a decreasing annuity death benefit, special, compensatory, consequential and punitive damages, attorneys' fees, prejudgment interest, and costs. In Plaintiffs' Third Cause of Action for breach of the covenant of good faith and fair dealing, Plaintiffs allege that they are entitled to punitive and exemplary damages of "at least $1,319,732.50." (Complaint, ¶56) As such, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, for the reasons described below.

14. Plaintiffs allege that DLIC is improperly calculating their death benefit under the terms of an MFS Regatta Gold annuity contract. The Complaint alleges that DLIC improperly interpreted the annuity's death benefit calculation provisions, resulting in an increasing loss of death benefit value over time. The Complaint

alleges that as of December 31, 2016, they have lost $69,621.56 as a result of Defendant's miscalculation. (Complaint, ¶33) Plaintiffs further allege that the amount of their death benefit will continue to decrease until December 3, 2020, at which time their entire death benefit, currently calculated to be $131,793.25, will be extinguished. (Complaint, ¶51) According to the Complaint, the Plaintiffs' loss of their annuity death benefit is declining each day at a rate of 5% per year. (Complaint, ¶59) In addition, Plaintiffs have prayed for relief in the form of punitive damages (which they quantify at over $1.3 million) on their claims for breach of the covenant of good faith and fair dealing, and conversion. (Complaint, p. 23, l. 4) Finally, Plaintiffs have claimed restitution in the amount of $131,973.25 on their Eighth Cause of Action for violation of Business & Professions Code Section 17200. (Complaint, p. 23, l. 25-28; p. 24, l. 4-6)

15. In a case such as this, "[t]he jurisdictional minimum may be satisfied by claims for special and general damages, punitive damages, and attorneys' fees." *Simmons*, 209 F. Supp. 2d at 1031. In *Campbell v. Hartford Life Insurance Company*, 825 F. Supp. 2d 1005, 1006-1009 (E.D. Cal. 2011), the court denied a motion for remand where only $10,000 in life insurance benefits were at stake by finding that amount, in combination with plaintiff's damage claims for bad faith, would exceed the jurisdictional minimum. Plaintiffs' damage claims, including attorneys' fees, emotional distress, and over $1.3 million in punitive damages, ensure that this case exceeds the threshold limit for diversity jurisdiction.

16. Under federal law, if attorneys' fees are recoverable by Plaintiffs, by statute or contract, the fee claim is included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (upholding district court's denial of remand where district court considered potential award of attorney's fees in reaching its decision); *Goldberg v. CPC Int'l*,

678 F.2d 1365 (9th Cir. 1982). Under California law, attorneys' fees are recoverable to the extent they were expended in the pursuit of contract damages, assuming a plaintiff can prove that the insurance company acted in "bad faith." *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985). When assessing the amount in controversy, the court may consider the amount of attorneys' fees to be accrued throughout the entirety of the litigation. *See Campbell*, 825 F.Supp.2d at 1009 (holding that because attorney's fees attributable to the prosecution of plaintiff's breach of contract cause of action are recoverable via her bad faith claim, such fees were to be included in determining the amount in controversy). Here, Plaintiffs have asserted a claim for breach of the covenant of good faith and fair dealing and have requested attorneys' fees under *Brandt*. (Complaint, Third Cause of Action, ¶¶45-56)

17. A fee claim alone, even if unspecified, can satisfy the amount in controversy requirement based on a court's experience and case authority regarding other *Brandt* fee awards. *See Cain*, 890 F. Supp. 2d at 1250 (finding court can determine, within its own experience, that an attorneys' fee award alone will satisfy the amount in controversy requirement); *see, e.g.*, *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1005 (9th Cir. 2004) (awarding $750,000 for attorneys' fees in bad faith action involving disability policy); *Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197 (2009) (awarding $189,000 in attorney fees in homeowners' bad faith action against insurer); *Campbell*, 825 F. Supp. 2d at 1009 (finding that even a minimal award of attorneys' fees would surpass the jurisdictional minimum when plaintiff alleged compensatory damages claim of $60,000).

18. Likewise, California law authorizes the recovery of emotional distress damages if proven in an action for breach of the implied covenant of good faith and fair dealing against an insurer, just as Plaintiffs have alleged. *Gruenberg v. Aetna*

*Ins. Co.*, 9 Cal. 3d 566, 580 (1973) (authorizing the recovery of emotional distress damages in an action for bad faith against an insurer). The amount in controversy may also include bad faith consequential damages if they are recoverable as a matter of state law, and it cannot be said to a legal certainty that plaintiff would under no circumstances be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). Damages in insurance bad faith cases which are proven up by a plaintiff have exceeded the amount necessary to satisfy this Court's amount in controversy requirement for diversity jurisdiction. *See, e.g., Cain*, 890 F.Supp.2d at 1250-1251 (finding removal proper where jurisdictional threshold met by accepting as true plaintiff's emotional distress allegations regarding nonpayment of disability benefits); *Richmond*, 897 F.Supp. at 450-451 (removal proper because plaintiff's emotional distress damages were potentially substantial); *Ace v. Aetna Life Ins. Co.*, 40 F.Supp.2d 1125 (D. Alaska 1999) (jury initially awarded $27,009 for wrongful denial of disability benefits and $100,000 for emotional distress); see also *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence ... that the plaintiff suffered heightened mental anguish"); *Clayton v. United Services Auto Assn.*, 54 Cal.App.4th 1158 (1997) (emotional distress award of $400,000 for insurance bad faith). Allegations of emotional distress damages are properly included in evaluating the amount in controversy in this case.

19. Finally, Plaintiffs seek punitive damages under California law which should be considered in the Court's evaluation of the amount in controversy requirement. They have quantified those damages as in excess of $1.3 million dollars. (Complaint, Third Cause of Action) *See Gibson v. Chrysler Corp.*, 261

F.3d 927 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Simmons*, 209 F.Supp.2d at 1033, 1035 (finding the jurisdictional minimum "clearly satisfied" based on wage losses of $25,600 and the "alleged compensatory, punitive, emotional distress damages"); *James Dickey, Inc. v. Alterra America Insurance Co.*, 2015 WL 4537732, at *2 (C.D. Cal. 2015) (finding jurisdictional threshold met when considering even the smallest potential punitive damage award for a case involving alleged loss of $31,671.29).

20. Accordingly, under several different potential damage valuation theories, DLIC has demonstrated that it is "more likely than not" that the amount in controversy in this case exceeds $75,000.

## JOINDER

21. No joinders are necessary. Sun Life Assurance Company of Canada (U.S.) is a predecessor entity to DLIC, and no longer exists. To the extent it is found to be a proper defendant, it hereby joins in the removal. There is not and never was a legal entity known as "Sun Life of Canada (U.S.), and therefore, joinder by that non-existent entity is not possible or required. The Doe Defendants are disregarded for purposes of removal, and need not join.

## TIMELINESS OF REMOVAL

22. The Summons and Complaint in this action were served upon Defendant DLIC on December 29, 2016. This Notice of Removal is filed within 30 days of December 29, 2016, and within one year of the date of commencement of the action. This removal is therefore timely under 28 U.S.C. § 1446(b).

**VENUE**

23. This is a suit of a civil nature brought in a California state court. The action is pending in Orange County, California and, accordingly, under Title 28 United States Code §§ 84(c) and 1441(a), the United States District Court for the Central District of California, is the proper forum for removal.

WHEREFORE, DLIC prays that the above-referenced action now pending in the Orange County Superior Court, State of California, Case No. 30-2016-00894296-CU-BC-CJC, be removed from that Court to this United States District Court.

DATED: January 27, 2017

BURKE, WILLIAMS & SORENSEN, LLP

By: *s/ Daniel W. Maguire*
DANIEL W. MAGUIRE
CINDY MEKARI
Attorneys for Defendant
Delaware Life Insurance Company