Ali Parvaneh, SBN 218320
aparvaneh@madisonlawapc.com
Dixon L. Gardner, SBN 2131119
dgardner@madisonlawpac.com
**MADISON HARBOR, ALC**
17702 Mitchell North
Irvine, California 92614
Tel. (949) 756-9050
Fax (949) 756-9060

Attorneys for Plaintiffs Samy E. Cassis and Gehane F. Cassis

Note changes made by the Court (p. 4:2).

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| SAMY E. CASSIS, an individual; and GEHANE F. CASSIS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.), a Delaware corporation; SUN LIFE OF CANADA (U.S.), a business entity unknown; DELAWARE LIFE INSURANCE COMPANY, a business entity unknown; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 8:17-CV-00148 DOC (KESx)<br><br>ASSIGNED FOR ALL PURPOSES to:<br>Hon. Judge David O. Carter<br>Magistrate Judge Karen E. Scott<br>Courtroom 9D<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER** |

## PROTECTIVE ORDER

The above-captioned parties stipulate that certain documents and information that may be disclosed by Plaintiffs during discovery in this action are confidential in nature such that Plaintiffs wish to preserve the confidentiality of such information, which includes the Plaintiffs' tax returns from 2010 through 2016 with Bate Stamp Numbers SC002934 to SC003119 and their financial account

information submitted with Bate Stamp Numbers SC002920 to SC002933 account information (collectively these documents are defined as CONFIDENTIAL or CONFIDENTIAL Information (or information) for this Order.

Accordingly, the parties, by and through their respective attorneys, stipulate and agree to the following Protective Order:

**1. Applicability of Protective Order:** This Order shall be applicable to and govern certain documents produced by Plaintiff, including but not limited to certain bank statements, financial records, or other documents produced in the above captioned action which contain certain confidential information and such documents which may be produced by a third party in connection with this litigation in response to requests for production of documents, interrogatories, request for admissions, deposition questions and all other discovery taken under the Federal Rules of Civil Procedure ("FRCP") or other information that a party to this action designates as "CONFIDENTIAL" furnished directly or indirectly, by or on behalf of any party or any non-party witness as part of discovery in this action. As used herein, "Disclosing Party" shall refer to the parties to this action that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action and to third parties that receive such information.

**2. Definitions:** For purposes of this Order, "CONFIDENTIAL" means any information that a party believes in good faith to be confidential or sensitive information including, but not limited to, non-public information that concerns or relates to Plaintiffs' tax returns and financial accounts and their personal financial condition, the disclosure of which information may have the effect of causing harm or violation of Plaintiffs' privacy rights. Confidential information does not include information that enters the public domain through no fault of a party receiving such information (such as, for example, through voluntary disclosure into the public domain by the party who could assert confidentiality over such information).

Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items or oral or written communications that qualify – so that other portions of the material, documents,

LA #4834-5443-5673 v1
12/20/17

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Plaintiffs may designate as "CONFIDENTIAL" any bank records, financial statements, or other documents that contains, explains or refers to information that is of a personal or sensitive nature such that Plaintiffs wishes to preserve the confidentiality of such information, including but not limited to the Plaintiffs' tax returns and financial accounts and their personal financial condition as identified above.

**Access to "CONFIDENTIAL" Information:** Absent written permission from the Disclosing Party, or an order of the Court, information designated as "CONFIDENTIAL" shall be used solely for purposes of this action and may be disclosed only to the following persons:

a. **Parties and Their Counsel:** Parties and counsel for the parties in this action, and their respective officers, directors, employees, agents, paralegal assistants, technical, administrative and clerical employees working under the direct supervision of such attorneys;

b. **Outside Experts and Consultants:** Any outside expert or consultant, whether testifying or non-testifying, who is expressly retained or sought to be retained by any attorney to assist in preparation of this action for trial with disclosure only to the extent necessary to perform such work;

c. **Court Reporters:** Any interpreter, videographer, or court or other shorthand reporter or typist translating, recording or transcribing testimony that includes "CONFIDENTIAL" information;

d. **Authors and Recipients:** Any person whom the document sought to be disclosed to that person indicates on its face is an author or authorized recipient of the document;

e. **The Court:** Personnel of the court and all appropriate courts of appellate jurisdiction;

f. A witness at any deposition or other proceeding in this action as part of his/her testimony or in preparation for such testimony; and

g. Any other person agreed to by the parties in writing.

LA #4834-5443-5673 v1
12/20/17

**3. Required Undertakings:** "CONFIDENTIAL" information shall not be disclosed to persons described in Paragraph 2 (above) *except Court personnel* unless and until such person has executed an Agreement in the form attached as Exhibit A.

**4. Use of "CONFIDENTIAL" Information Limited to this Action:** "CONFIDENTIAL" information shall be used by the Receiving Party only for the purpose of conducting this action, and not for any business or other purpose whatsoever. No "CONFIDENTIAL" information or the contents thereof, shall be disclosed to or used with any representative, agent, attorney or employee of the Receiving Party, except as provided herein. Nothing contained in this Order shall preclude a Disclosing Party from using or disseminating its own "CONFIDENTIAL" information.

**5. Use in Court Proceeding:** Any use of CONFIDENTIAL material at trial shall be governed by the orders of the trial judge. This order does not govern the use of CONFIDENTIAL material at trial.

**6. Third Party "CONFIDENTIAL" Information:** Within 30 days after receipt of a production of documents and things from any third party in this matter (such as by way of a subpoena of business records), any party to this matter may designate some or all of such documents or things as "CONFIDENTIAL" under the Order.

**7. Protective Order Survives Termination of Litigation and the Court Retains Jurisdiction:** Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or review of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

**8. All Rights Reserved:** This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

LA #4834-5443-5673 v1
12/20/17

**9.**     **No Waiver of Any Right to Object:** This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for and access to such material shall only be as otherwise provided by the discover rules and other applicable laws.

10.     A party that seeks to file under seal any CONFIDENTIAL material must comply with Civil Local Rule 79-5.  CONFIDENTIAL material may only be filed under seal pursuant to a court order authorizing the sealing of the specific CONFIDENTIAL material at issue.  If a party's request to file CONFIDENTIAL material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

IT IS SO ORDERED.

Dated: December 27, 2017

*Karen E. Scott*
Magistrate Judge Karen E. Scott
United States District Judge

# EXHIBIT A
# AGREEMENT CONCERNING INFORMATION
# COVERED BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I have received a copy of the Protective Order entered in this action (Case No. 8:17-CV-00148 DOC (KESx)30-2010-00409076) by the District Court of the Central District of the State of California (hereinafter, the "Protective Order").

1. I have either read the Protective Order or had the terms of the Protective Order explained to me by my attorney.

2. I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

3. If I receive documents or information designated as "CONFIDENTIAL" (as that term is defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

4. I agree to hold in confidence and not further disclose or use for any purpose (other than as permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

5. I hereby submit myself to the jurisdiction of the District Court of the Central District of the State of California for resolution of any matter pertaining to the Protective Order.

My address is
_____.

My present employer is
_____.

Dated: _____, 201\_\_

_____
Signature